SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ANGIE SMITH**,** <br><br> Plaintiff, <br><br> v. <br><br> Experian Information Solutions, Inc.; Equifax, Inc.; TransUnion, LLC; Wyndham Resort Development Corporation; Nationstar Mortgage; Barclay's Bank Delaware; Seventh Avenue, Inc.; Ginny's, Inc.; Monroe & Main, Inc.; Wells Fargo Card Services, Inc.; Persolve, LLC and DOES 1 through 100 inclusive**,** <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES: <br><br> 1. Violation of Fair Credit Reporting Act; <br> 2. Violation of California Consumer Credit Reporting Agencies Act |

COMES NOW Plaintiff ANGIE SMITH, an individual, based on information and belief, to allege as follows:

## **INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in

connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy.

### JURISDICTION & VENUE

2.   Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4.   This venue is proper pursuant to 28 U.S.C. §1391(b).

### GENERAL ALLEGATIONS

5.   Plaintiff filed for Chapter 13 bankruptcy protection on March 20, 2015 in order to reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 13 plan of financial reorganization was confirmed on October 14, 2015, implicating the conditions found under 11 U.S.C. §1327.

6.   Under the terms of Plaintiff's confirmed Chapter 13 plan, general unsecured non-priority creditors were to be paid 84.71% of their claims.

7.   On March 3, 2016 Plaintiff ordered a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by Plaintiff's creditors.

8.   Plaintiff noticed several tradelines all reporting misleading and inaccurate account information.

9.   Defendant Wyndham Resort Development Corporation was reporting Plaintiff's account, beginning in 1231xxxx, with late payments, with a balance owed in the amount of $13,497.00, with a past due balance owed in the amount of $791.00, and makes no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

10.   Defendant Nationstar Mortgage was reporting Plaintiff's account, beginning in 6081xxxx, with late payments, with a balance owed in the amount of $383,383.00, and with a past due balance owed in the amount of $16,300.00, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.  Defendant filed a proof of claim showing an arrearage amount of $15,458.41. Despite filing a proof of claim and

despite the Chapter 13 trustee making disbursements on the arrearage amount, under penalty of perjury they are reporting a past due amount that exceeds the proof of claim.

11.  Defendant Barclay's Bank Delaware was reporting Plaintiff's account, beginning in 0062xxxx, with late payments, and makes no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

12.  Defendant Seventh Avenue, Inc. was reporting Plaintiff's account, beginning in 5640xxxx, as in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

13.  Defendant Ginny's, Inc. was reporting Plaintiff's account, beginning in 5640xxxx, as in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

14.  Defendant Monroe & Main, Inc. was reporting Plaintiff's account, beginning in 5640xxxx, as in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

15.  Defendant Wells Fargo Card Services, Inc. was reporting Plaintiff's account, beginning in 4465xxxx, as in collections, charged off, and makes no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

16.  Defendant Persolve, LLC was reporting Plaintiff's account, beginning in K120xxxx, as in collections, with a balance owed in the amount of $12,022.00, with a past due balance owed in the amount of $12,022.00, and makes no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

17.  In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff specifically identified in the Plaintiff's dispute letter that Plaintiff was taking issue with the past due balance, outstanding balance, late payments, charged off remarks, and/or collection

remarks that were being reported and indicated that all creditors receiving a dispute needed to investigate how to properly report the debt after a Chapter 13 bankruptcy filing.

18.   Plaintiff sent the disputes via certified mail to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.

19.   Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

20.   Defendants A Wyndham Resort Development Corporation; Nationstar Mortgage; Barclay's Bank Delaware; Seventh Avenue, Inc.; Ginny's, Inc.; Monroe & Main, Inc.; Wells Fargo Card Services, Inc. and Persolve, LLC failed to conduct a reasonable investigation and continued to report falsely to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC misleading and inaccurate account information as identified above in Paragraphs 9-16.

21.   Alternatively, Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Equifax, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

22.   Alternatively, Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information.  After the statutory time period passed for Experian Information Solutions, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

23.   Alternatively, TransUnion, LLC failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for TransUnion, LLC to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

24.  On June 8, 2016 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure the accounts that were in dispute were being property reported.

25.   In response to Plaintiff's dispute Defendant failed to conduct a reasonable investigation or any investigation at all, and did so intentionally and with reckless disregard by not consulting the CDIA, its own internal processes for reporting a bankruptcy filing, and did not review the Chapter 13 filing and subsequent confirmation of Plaintiff's repayment plan and treatment of its claim, as Plaintiff's dispute went unchanged and Defendant continued to report Plaintiff's account with a past due balance, outstanding balance, late payments, charged off remark, and/or collection remark.

26.   The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

27.   The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

## FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC - Failure to Reinvestigate Disputed Information.**

28.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

29.   After Plaintiff disputed the accounts mentioned above, Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendants were required to send all relevant information to the furnishers which they did not do.  Defendants failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**Barclay's Bank Delaware; Seventh Avenue, Inc.; Ginny's, Inc.; Monroe & Main, Inc.; Wells Fargo Card Services, Inc. and Persolve, LLC – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC and Failure to Reinvestigate.**

30.  Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

31. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

32. Defendants Wyndham Resort Development Corporation; Nationstar Mortgage; Barclay's Bank Delaware; Seventh Avenue, Inc.; Ginny's, Inc.; Monroe & Main, Inc.; Wells Fargo Card Services, Inc.; Persolve, LLC violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts.  Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC provided notice to the defendants that Plaintiff was disputing the inaccurate and misleading information but each of the Defendants failed to conduct a reasonable investigation of the information as required by the FCRA.

33.  Specifically, Defendant Wyndham Resort Development Corporation (Account # 1231xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was with late payments, with a balance owed in the amount of $13,497.00, with a past due balance owed in the amount of $791.00, and makes no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

34.  Defendant Nationstar Mortgage (Account # 6081xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was with late payments, with a balance owed in the amount of $383,383.00, and with a past due balance owed in the amount of $16,300.00, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.  Defendant filed a proof of claim showing an arrearage amount of $15,458.41. Despite filing a proof of claim and despite the Chapter 13 trustee making disbursements on the arrearage amount, under penalty of perjury they are reporting a past due amount that exceeds the proof of claim.

35.  Defendant Barclay's Bank Delaware (Account # 0062xxxx) supplied inaccurate and

misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was with late payments, and makes no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

36.  Defendant Seventh Avenue, Inc. (Account # 5640xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

37.  Defendant Ginny's, Inc. (Account # 5640xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

38.  Defendant Monroe & Main, Inc. (Account # 5640xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was in collections and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

39.  Defendant Wells Fargo Card Services, Inc. (Account # 4465xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was in collections, charged off, and makes no mention of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

40.  Defendant Persolve, LLC (Account # K120xxxx) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's Chapter 13 filing and confirmation, that the account was in collections, with a balance owed in the amount of $12,022.00, with a past due balance owed in the amount of $12,022.00, and makes no mention

of the Chapter 13 bankruptcy, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

41. Defendant re-reported to the bureaus the misleading and inaccurate information as seen in Plaintiff's reinvestigation reports and/or credit report that was pulled after the disputes were sent.

42. The acts of the Defendant as described above were done willfully and intentionally with reckless disregard for its duties under the FCRA.

43. As a direct and proximate result of Defendant's willful and intentional inaccurate reporting, Plaintiff has suffered actual damages including but not limited to an inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, cost of pulling credit reports, and such further expenses in an amount to be determined and proven at trial.

## SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Barclay's Bank Delaware; Seventh Avenue, Inc.; Ginny's, Inc.; Monroe & Main, Inc.; Wells Fargo Card Services, Inc. and Persolve, LLC – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.**

44. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

45. Defendants Alliant Credit Union; Stellar Recovery, Inc. and Continental Credit Control intentionally and knowingly reported misleading and inaccurate account information to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC.

46. Plaintiff alleges that Defendants re-reported misleading and inaccurate account information, as stated in paragraphs 9-16 and 33-40 to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC in violation of California Civil Code § 1785.25(a).

47. Plaintiff also alleges that Defendants had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

48. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit

reporting agencies, the consumer data industry resource guide, the language in the Chapter 13 plan and subsequent confirmation order issued by the U.S. Bankruptcy Court, and results of its investigation should have provided notice to Defendant of their misleading and inaccurate reporting.

49.   Defendants failed to notify Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

50.   Defendants' communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

51.   As a direct and proximate result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

52.   Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

      a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

      b.  Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

      c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

      d.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

      e.  For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

      f.  For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

Dated: August 12, 2016

**SAGARIA LAW, P.C.**

By:     */s/ Elliot Gale, Esq.*
       Scott Sagaria, Esq.
       Elliot Gale, Esq.
       Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: August 12, 2016

**SAGARIA LAW, P.C.**

By:     */s/ Elliot Gale, Esq.*
       Scott Sagaria, Esq.
       Elliot Gale, Esq.
       Attorneys for Plaintiff